FILED
**May 04, 2021**
**09:02 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Tina Davis Lemons | ) Docket No.     2019-02-0313 |
| | ) |
| v. | ) State File No.  20525-2019 |
| | ) |
| Elwood Staffing Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Reversed and Remanded

---

Following the employee's reporting of a work-related hand injury, she selected a treating physician from an employer-provided panel. The authorized provider's report of the employee's initial visit stated that the injury was "not considered to be a work-related injury." The employee then sought unauthorized treatment and was diagnosed with trigger finger for which she underwent surgery. Afterwards, the operating surgeon indicated the employee's condition was "likely related to her [workplace] injury." Following an expedited hearing, the trial court denied benefits, concluding the employee was not likely to prevail at trial in establishing causation. The employee obtained further documentation from the operating surgeon and requested a second expedited hearing, after which the trial court again denied benefits, concluding the statements from the operating surgeon were insufficient to overcome the presumption of correctness afforded the authorized provider's causation opinion. The employer subsequently filed a motion for summary judgment supported by the medical documents the parties had relied on in the expedited hearings. The trial court granted the employer's motion, concluding the employer had negated an essential element of the employee's claim. The employee has appealed. We reverse the trial court's order granting summary judgment and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Tina Davis Lemons, Greeneville, Tennessee, employee-appellant, pro se

David J. Deming, Nashville, Tennessee, for the employer-appellee, Elwood Staffing Services, Inc.

## Factual and Procedural Background

Tina Davis Lemons ("Employee") was employed by Elwood Staffing Services, Inc. ("Employer"), and assigned to work at a manufacturing facility in Greenville, Tennessee. She contends that on Saturday, February 16, 2019, she worked nine hours on an assembly line, and, at the completion of her workday, her right hand was hurting. She alleges she reported a hand injury to her supervisor the following Monday. Because of continuing pain in the middle finger of her hand, she requested medical treatment and was seen by a nurse at the manufacturing facility after which Employer provided a panel of physicians. Employee selected Dr. Bruce Berry from the panel as her authorized treating physician.

On March 19, 2019, Employee was seen by Marsha Montemarano, a family nurse practitioner in Dr. Berry's office. The report of that visit reflects Employee reported working nine hours "appl[ying] a part to a tractor" and experiencing pain in the middle finger of her hand that "has hurt almost constantly." A physical examination revealed "a positive Tinel sign" and "a small amount of edema . . . along the palmer surface as well as each of the digits." Employee was released to return to work without restrictions and instructed to "follow up in this office on an as-needed basis." The report stated that "[b]ased on the history provided by the patient, this is not considered to be a work-related injury." The March 19, 2019 report included a hand-written notation signed by Dr. Berry and dated April 19, 2019, which stated, "Reviewed Agree is reasonable." The phrase, "this is not considered to be a work-related injury," was underlined on the report Dr. Berry signed.

On April 26, Employee sought unauthorized treatment with Dr. Billy K. Parsley, an orthopedic surgeon. In an office note, Dr. Parsley wrote that Employee "comes in today for right hand pain specifically triggering of the middle finger," adding that Employee "has not had any injury that she is aware of." He recommended a trigger release surgery, which he performed on May 9, 2019. In a May 24 note, he wrote that Employee reported a work injury to her finger and was seen at an urgent care facility for the injury prior to being referred to him, adding that "[w]ith this documentation following the injury, I believe the trigger finger is likely related to her injury."

Employee filed a petition for benefits on June 29, 2019, and subsequently requested an expedited hearing in which she sought medical and temporary disability benefits for her alleged hand injury. Following the hearing, the trial court denied Employee's request for benefits, stating in its order that "Nurse Montemarano wrote that [Employee's] injury was not considered work-related based on her history and she could return to work without restrictions." Additionally, the trial court stated that "Dr. Berry noted that he reviewed and approved [the nurse's] recommendations" and that the medical record "adopted by Dr. Berry states that [Employee] did not suffer a work-related injury." The trial court concluded that Dr. Berry's opinion "is presumed correct on the issue of causation" and that the statements in the records of Dr. Parsley were insufficient to overcome the presumption.

Employee requested a second expedited hearing in September 2020, which she supported with a letter from Dr. Parsley addressing causation as follows:

This letter is in regards to the question of whether the patient's injury to the right middle finger was related to a work injury. While it has been some time since I have seen the patient, based on my note from May 24, 2019, I documented a discussion we had regarding this. She is reported to have been seen [i]n urgent care prior to seeing me for this. She reports that this evaluation at urgent care was for her right middle finger. To that end I would concur that her problem was related to her injury.

Following the second expedited hearing, the trial court again denied benefits, stating "[Employee] is not likely to prevail at a hearing on the merits in her request for benefits because she did not prove the cause of her injury." Contrasting the medical documentation from Drs. Berry and Parsley, the court again noted that "the medical record adopted by Dr. Berry states that she did not suffer a work-related injury" and that Dr. Berry's opinion was entitled to a presumption of correctness. Furthermore, the order stated that Dr. Parsley's opinion "did not affirmatively state that [Employee] suffered an injury rising primarily out of and in the course and scope of her employment as required by Tennessee Code Annotated section 50-6-102(14)(A)." Noting that Dr. Parsley's records indicated Employee's injury "was merely 'related'" to her employment, the court concluded those statements were insufficient to overcome the presumption of correctness afforded Dr. Berry's causation opinion.

Employer subsequently filed a motion for summary judgment, asserting that Dr. Berry's opinion successfully negated causation. Additionally, Employer asserted that Employee's "expert and lay evidence is otherwise insufficient to establish her injury arose primarily out of her employment." In its statement of undisputed facts, Employer alleged, among other facts, that "[o]n March 19, 2019, Dr. Bruce Berry opined Employee's injury is not considered to be a work-related injury." Employer supported this allegedly undisputed fact by citing the March 19, 2019 medical record of Employee's visit with the nurse practitioner, which included Dr. Berry's signature, dated April 19, 2019, and the notation "Reviewed Agree is reasonable." Employer also alleged in its statement of undisputed facts that Employee submitted a medical note from Dr. Parsley stating Employee's diagnosis is "likely related to her injury," and that the trial court's initial expedited hearing order determined that Dr. Parsley's opinion "was insufficient evidence to overcome the presumption of correctness afforded to Dr. Berry's opinion." Further, the statement of undisputed facts asserted that Employee requested a second expedited hearing supported by an additional medical record from Dr. Parsley stating Employee's hand injury is "related to a work injury." The statement referenced the court's second expedited hearing order, asserting the court again determined that Dr. Parsley's opinion "was insufficient to overcome the [presumption of] correctness afforded to Dr. Berry's opinion." Finally, Employer's statement of undisputed facts noted the determination in the court's

second expedited hearing order that Employee "failed to provide sufficient medical evidence linking her injury to her employment," adding that "[i]n two Expedited Hearings Employee failed to provide medical evidence proving that her work activities with Employer were the primary cause of Employee's treatment with Dr. Parsley or sufficient to allow [t]he Court to award [benefits]."

Following a January 15, 2021 hearing on Employer's motion for summary judgment, the trial court granted the motion, noting that Employee did not respond to the motion, which she asserted was because she did not receive the motion. In addition, the court noted Employee asserted that "with more time, she could talk to her physician again about her injury." The court concluded that Employee received the motion for summary judgment but failed to respond to the motion. Because she did not respond, the court considered the motion to be unopposed, stating this required the court to "consider[] whether summary judgment is appropriate." The trial court concluded the medical evidence "shows [Employee's] alleged injury was not primarily related to her work," and that Employer had, therefore, negated an essential element of Employee's claim, entitling Employer to summary judgment as a matter of law. Employee has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

## Analysis

The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03.

4

"Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.*

*Rye*, 477 S.W.3d at 264-265.

Employee asserted in her notice of appeal that Dr. Parsley's evaluation indicated her injury "was work related." She did not, however, file a brief on appeal. Nonetheless, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. In its brief on appeal, Employer identifies the issue as whether the trial court correctly granted Employer's motion for summary judgment "in the absence of medical proof meeting the Employee's burden of proof on causation." Initially, we note the trial court did not expressly address whether Employer demonstrated that Employee's evidence was insufficient to establish Employee's claim but, instead, concluded Employer "negated an essential element of [Employee's] claim," entitling Employer to summary judgment as a matter of law. Our determination of whether the requirements of Rule 56 have been satisfied focuses on the expert medical opinion relied on by Employer to negate causation, an essential element of Employee's claim.

The regulations governing expedited hearings state that "[l]etters or written statements addressing medical causation signed by a physician are admissible *at an expedited hearing* and need *not* be in affidavit form." Tenn. Comp. R. & Regs. 0800-02-21-.15(2) (emphases added). Additionally, this regulation provides that "[a]t a compensation hearing, these letters or statements, even if in affidavit form, may be excluded through valid objection under the Tennessee Rules of Evidence." *Id.* Furthermore, Rule 0800-02-21-.15(3) provides that an employer may file a motion for summary judgment under Rule 56 if a claim is denied after an expedited hearing "because the employee is not likely to succeed at a hearing on the merits on the issue of compensability." Tenn. Comp. R. & Regs. 0800-02-21-.15(3). In addition, the regulations addressing medical records provide that "[m]edical records are self-authenticating and admissible when signed by a physician or accompanied by a form signed by a medical provider or records custodian certifying that the records are true and accurate." Tenn. Comp. R. & Regs. 0800-02-21-.16(2)(b). The latter regulation further provides that a trial judge "may exclude medical records in response to a proper objection other than to the authenticity under the Tennessee Rules of Evidence or other applicable law." *Id.*

In contrast to the Bureau's regulations addressing the admissibility of medical records, Rule 56 identifies the documents and materials that may be considered by a trial court in ruling on a motion for summary judgment. "[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Rule 56.06 provides that affidavits used to support or oppose a motion

for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tenn. R. Civ. P. 56.06. In addition, Rule 56.06 provides that "[e]xpert opinion affidavits shall be governed by Tennessee Rule of Evidence 703." *Id.*

In the present case, the record does not include depositions of any medical expert, interrogatory answers or admissions addressing expert medical opinions, or affidavits expressing medical opinions. Instead, Employer's statement of undisputed facts relies on medical documents to negate causation. Specifically, Employer relies on the March 19, 2019 report of the nurse practitioner to which Dr. Berry affixed an April 19, 2019 date, his signature, and the notation "Reviewed Agree is reasonable." Regardless whether this medical record may be admissible in an expedited hearing or at trial, it is not the type of document or evidence identified in Rule 56 upon which a moving party may rely to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Thus, Employer did not meet its burden at the summary judgment stage of affirmatively negating an essential element of Employee's claim, and the trial court erred in concluding "[t]he only medical evidence before the Court shows [Employee's] alleged injury was not primarily related to her work." Stated simply, there is no expert medical proof addressing causation that meets the requirements of Rule 56.[1]

As noted above, the trial court's order granting summary judgment did not address the second method by which Employer could satisfy its burden of production, that is, by demonstrating that Employee's evidence at the summary judgment stage is insufficient to establish Employee's claim. Instead, the trial court determined that the only medical evidence presented "shows that [Employee's] alleged injury was not primarily related to her work." Further, the trial court's order noted that Employee asserted "that, with more time, she could talk with her physician again about her injury." However, the record does not indicate that Employee requested more time for affidavits to be obtained or depositions to be taken. Nonetheless, the trial court failed to address whether Employer met its burden of demonstrating that Employee's evidence is insufficient to establish an essential element of her claim, resting its decision instead on the conclusion that the medical evidence "shows

---

[1] The medical record relied on by Employer had the phrase "this is not considered to be a work-related injury" underlined. Neither this medical record nor any part of the record on appeal indicates whether Dr. Berry underlined the phrase, whether he was agreeing the entire record is "reasonable," or whether he was indicating it is "reasonable" not to *consider* Employee's condition "a work-related injury." Significantly, Dr. Berry did *not* indicate it was his opinion Employee's injury did not arise primarily out of the employment, or words to that effect. At best, the document can be said to express Dr. Berry's opinion that the nurse practitioner's assessment of whether Employee's injury was work related was reasonable. In short, affixing a date, his signature, and the notation to this equivocal medical document did not negate causation. While Dr. Berry's opinion on the issue of causation is statutorily presumed to be correct, the record here does not disclose what Dr. Berry's opinion on causation is. *See* Tenn. Code Ann. § 50-6-102(14)(E).

6

[Employee's] alleged injury was not primarily related to her work." Accordingly, under these circumstances we conclude Employer failed to present sufficient proof in accordance with Rule 56 to negate an essential element of Employee's claim or to demonstrate that Employee's evidence is insufficient to establish her claim as a matter of law.

## Conclusion

For the foregoing reasons, we reverse the trial court's order granting Employer's motion for summary judgment and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tina Davis Lemons | ) | Docket No. 2019-02-0313 |
| | ) | |
| v. | ) | State File No. 20525-2019 |
| | ) | |
| Elwood Staffing Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of May, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tina Davis Lemons | | | | X | collinstina3232@yahoo.com |
| David J. Deming<br>Denise Stevens | | | | X | ddeming@manierherod.com<br>dstevens@manierherod.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov